```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY PAPPAS,

                    Plaintiff,           MEMORANDUM & ORDER
                                         13-CV-4883(JS)(GRB)
        -against-

HOPE SCWARTZ ZIMMERMAN, individually
and as acting Supreme Court Judge;
ANTHONY FALANGA, individually and as
State Supreme Court Judge; STANLEY
GARTENSTEIN, individually and as
Judicial Hearing Officer, all of the
State of New York; HENRY KRUMAN;
MARIA PAPPAS; and JOHN DOE, a
fictitious entity intended to
substitute for parties unknown,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:          Anthony Pappas, pro se
                        24-15 24th Street
                        Astoria, NY 11102

For Defendants
Judicial Defendants:    Ralph Pernick, Esq.
                        New York State Attorney General
                        200 Old Country Road, Suite 240
                        Mineola, NY 11501

Kruman & M. Pappas:     Henry E. Kruman, Esq.
                        Kruman & Kruman, P.C.
                        353 Hempstead Avenue
                        Malverne, NY 11565
```

SEYBERT, District Judge:

       Pro se plaintiff Anthony Pappas ("Plaintiff") commenced this action on August 30, 2013 against defendants Hope Schwartz Zimmerman, individually and as acting Supreme Court Judge ("Justice Zimmerman"); Anthony Falanga, individually and

as Supreme Court Judge ("Justice Falanga"); Stanley Gartenstein, individually and as Judicial Hearing Officer of the State of New York ("JHO Gartenstein," and together with Justices Falanga and Zimmerman, "the Judicial Defendants"); Henry Kruman ("Kruman"); Maria Pappas ("M. Pappas," and together with Kruman and the Judicial Defendants, "Defendants"); and John Doe alleging claims pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of his First and Fourteenth Amendment rights, as well as for declaratory and injunctive relief. Currently pending before the Court are: (1) a motion to dismiss the Complaint filed by Justice Falanga, Justice Zimmerman, and JHO Gartenstein (Docket Entry 23), and (2) a motion to dismiss the Complaint filed by Kruman and M. Pappas (Docket Entry 24). For the following reasons, the motions are GRANTED.

BACKGROUND[1]

This action involves an underlying divorce proceeding commenced by M. Pappas against Plaintiff on December 8, 2004. (Compl. ¶ 11.) In 2004, M. Pappas and Plaintiff's three children had reached adulthood, obviating any issues of custody and child support. (Compl. ¶ 11.)

The Complaint alleges a series of purported constitutional violations stemming from the divorce proceedings.

---

[1] The following facts are drawn from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

For example, Plaintiff alleges that M. Pappas' attorney, defendant Kruman, asserted baseless accusations against Plaintiff, allowed M. Pappas to testify to mistruths, and charged exorbitant fees for which Plaintiff ultimately became responsible. (Compl. ¶¶ 13, 17.)

In addition, Plaintiff raises claims against Justice Falanga, JHO Gartenstein, and Justice Zimmerman. It appears from the Complaint that JHO Gartenstein presided over certain aspects of the case until his recusal in 2010. (Compl. ¶ 21.) Justice Falanga then presided over the divorce proceedings until his retirement around December 2011. (Compl. ¶ 21.) Justice Zimmerman then succeeded Justice Falanga. (Compl. ¶ 21.)

According to the Complaint, the Judicial Defendants adopted M. Pappas' recitation of the facts in various instances and generally favored M. Pappas, placing the "female litigant and her attorney in a win-win situation through never ending litigation." (Compl. ¶¶ 18, 24.) Moreover, when Plaintiff sought "remedial efforts," Justice Falanga issued a directive (the "Gag Order") to Plaintiff on January 19, 2011, stating:

> I am admonishing you right now, you are not to communicate with anybody inside the court system, outside the court system, about how you feel you were being treated or anything like that. If you feel I am violating your right to free speech, you have the absolute right to feel that way and do whatever you feel is appropriate. If I decide to hold

>           you in contempt, we'll cross that bridge
>           when we come to it.  Do you understand?

(Compl. ¶ 19.)

Plaintiff's complaints regarding his divorce proceedings and the judicial process seemingly continued, as he circulated petitions and informational releases on the St. John's University campus, where he is a professor of finance. (Compl. ¶¶ 1, 20.)

Thus, Plaintiff alleges several causes of action. <u>First</u>, he asserts a claim for violation of his free speech rights under the First Amendment, seemingly against the Judicial Defendants: "1) through the imposition of a prior restraint by defendant Judge Anthony Falanga on January 19, 2011 which was neither modified nor vacated to the present day, and 2) punitive measures undertaken on a variety of pretexts for offensive expressions made by plaintiff from time to time during the course of this maliciously protracted divorce case." (Compl. ¶ 26.) Plaintiff goes on to provide several instances in which he has spoken out about the alleged systemic abuses in the Nassau County divorce courts, including a written communication to JHO Gartenstein, a 2010 petition entitled "Help Me Impeach and Remove Judge Stanley Gartenstein from Office," and a 2012 newsletter disseminated across the St. John's University campus. (Compl. ¶ 27.)

Second, Plaintiff alleges "retaliation." He asserts that "[d]efendants acted in concert with one another to humiliate and destroy the plaintiff through excessive unprofessional conduct while mocking him in juvenile ways during formal proceedings." (Compl. ¶ 30.) Alleged retaliatory acts included, inter alia, actions taken by JHO Gartenstein after receipt of a purported threatening letter from Plaintiff, including requiring Plaintiff to pay all opposing attorney's fees and granting M. Pappas more than she had requested. (Compl. ¶ 32.)

Third, Plaintiff asserts a claim for violation of his due process rights because he was denied "his right to a rational, orderly and timely court proceeding before a neutral and detached magistrate or judge." (Compl. ¶ 34.) As part of this claim, Plaintiff asserts that Kruman "engaged . . . in baseless fishing expeditions" and caused exorbitant fees. (Compl. ¶ 37.)

Fourth, Plaintiff alleges a claim for violation of his equal protection rights because the court system favors female litigants over male litigants. (Compl. ¶ 42.) Finally, Plaintiff seeks declaratory and injunctive relief. Specifically, he requests that this Court vacate prior orders in the divorce proceedings and declare them unconstitutional as

well as an injunction to enjoin further divorce proceedings. (Compl. ¶ 46.)

DISCUSSION

The Judicial Defendants and Kruman and M. Pappas now move to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court will first discuss the applicable legal standards before addressing Defendants' motions more specifically.

I. Legal Standards

   A. Standard of Review under Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). The Court must accept as true the factual allegations contained in the Complaint, but it will not draw argumentative inferences in favor of Plaintiff because subject matter jurisdiction must be shown affirmatively. See id.; Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968

F.2d 196, 198 (2d Cir. 1998); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. Makarova, 201 F.3d at 113. Pro se plaintiffs, although entitled to a more liberal pleading standard, must still comport with the procedural and substantive rules of law. See Jedrejcic v. Croatian Olympic Comm., 190 F.R.D. 60, 69 (E.D.N.Y. 1999).

B. Standard of Review under Rule 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

7

Because Plaintiff is litigating pro se, the Court reads his Complaint liberally, see, e.g., Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010), and interprets his papers to "'raise the strongest arguments that they suggest,'" Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

II. Analysis

A. Subject Matter Jurisdiction

Before turning to the substantive merits of the pending motions, the Court must consider whether it has subject matter jurisdiction. The Judicial Defendants initially asserted that the Court lacked subject matter jurisdiction under the doctrines of Rooker-Feldman, the domestic relations exception, and Younger abstention. Since filing their brief, however, the Judicial Defendants have withdrawn their Rooker-Feldman argument. (See Docket Entry 40.) Similarly, Kruman and M. Pappas have also asserted the Court lacks jurisdiction under Rooker-Feldman and Younger abstention. Given that the Court finds that the domestic relations exception applies--thus divesting this Court of subject matter jurisdiction--it will not address Defendants' additional arguments regarding jurisdiction.

The domestic relations exception "'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Sobel v. Prudenti, --- F. Supp. 2d ----, 2014 WL

8

2750364, at *11 (E.D.N.Y. June 18, 2014) (quoting Akenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992)). The exception "stems from 'the policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack.'" Id. (quoting Thomas v. N.Y. City, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993)).

Although the exception is narrow, it applies where the gravamen of the plaintiff's suit involves an issue such as divorce, Schottel v. Kutba, No. 06-CV-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) or, put another way, the action involves issues "directly related" to the state court proceedings and invites the federal court to "re-examine and re-interpret" the evidence, McArthur v. Bell, 788 F. Supp. 706, 709 (E.D.N.Y. 1992). Here, although Plaintiff styles at least some of his claims as Section 1983 claims seeking monetary damages, Plaintiff also makes clear that he requests that this Court vacate various orders in the divorce proceedings, enjoin their enforcement, and declare them unconstitutional. (See, e.g., Compl. ¶ 46.) In fact, in less than twelve months, Plaintiff has sought an Order to Show Cause declaring all orders in the divorce proceedings void and enjoining future divorce proceedings, twice moved for a preliminary injunction, and

9

submitted ten affidavits or affirmations in support of his applications.  (See Docket Entries 6-7, 9-13, 20, 28, 36-39.)

Thus, the fact that Plaintiff styles his Complaint in terms of constitutional issues is of no moment.  See Giovacco v. Hickey, No. 10-CV-5389, 2010 WL 5071493, at *1 (E.D.N.Y. Dec. 7, 2010) ("Although plaintiff invokes his constitutional rights, the allegations in his complaint solely concern a state law domestic relations matter."); Eisenstein v. Haber, No. 92-CV-8061, 1993 WL 37146, at *1, 3 (S.D.N.Y. Feb. 8, 1993) (finding that the exception applied where the plaintiff alleged, inter alia, violations of the First, Fourth, Fifth, Seventh, and Fourteenth Amendments); McArthur, 788 F. Supp. at 709 (finding that the domestic relations applied because the plaintiff's claims directly related to child support modification proceedings, even though the plaintiff did not seek to alter the support modification determination).  His allegations would require this Court to become embroiled in the divorce proceedings and his submissions make clear that he seeks to undo what has occurred with respect to his divorce.  See Eisenstein, 1993 WL 37146, at *3.

Thus, the Court finds that it lacks subject matter jurisdiction.  Although Kruman and M. Pappas have not moved on the domestic relations exception specifically, the Court cannot exercise jurisdiction where there is none.  The Judicial

Defendants' motion to dismiss on this basis is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

B. Claims Against Defendants

Finally, the Court notes that, even assuming that this Court has jurisdiction, Plaintiff's claims against the Judicial Defendants fail on the grounds of judicial immunity and the Eleventh Amendment, and his claims against Kruman and M. Pappas fail because they are not state actors. See, e.g., Donohue v. Pataki, 28 F. App'x 59, 60-61 (2d Cir. 2002) (affirming the district court's conclusion that the domestic relations exception divested it of jurisdiction and that, in any event, the plaintiff brought suit against persons who, inter alia, were not state actors or who were entitled to absolute immunity); McArthur, 788 F. Supp. at 709 (considering the defendants' Rule 12(b)(6) motion after finding that the domestic relations exception applied, assuming jurisdiction arguendo).

1. The Judicial Defendants

The Judicial Defendants argue that Plaintiff's claims against them are barred by the Eleventh Amendment and absolute judicial immunity. The Court agrees.

Under the Eleventh Amendment, "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or

Subjects of any Foreign State." Thus, "[p]rivate citizens may not maintain an action in federal court against a State itself, or against a state agency, unless the State has waived its sovereign immunity . . . ." Baker v. Dep't of Envtl. Conservation of State of N.Y., 634 F. Supp. 1460, 1462 (N.D.N.Y. 1986). Likewise, the Eleventh Amendment bars suits for monetary damages against a state official acting in his or her official capacity. See Salvador v. Lake George Park Comm'n, No. 98-CV-1987, 2001 WL 1574929, at *2 (N.D.N.Y. Mar. 28, 2001), aff'd 35 F. App'x 7 (2d Cir. 2002). Accordingly, Plaintiff's claims against the Judicial Defendants in their official capacity are barred.[2]

Moreover, the Judicial Defendants are entitled to absolute judicial immunity. It is well-settled that judges have generally been accorded absolute immunity for damages arising out of judicial acts performed in their judicial roles. See Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Judicial immunity may be overcome only when a judge takes action not in his or her judicial capacity or the actions at issue were taken "in the complete absence of all jurisdiction." Id. at 12, 112 S. Ct. 286. Here, while

---

[2] The Eleventh Amendment also bars retrospective declaratory relief against state officials, such as Plaintiff seeks here. See N.Y. State Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y., --- F. Supp. 2d ----, 2014 WL 2604106, at *7 (S.D.N.Y. June 9, 2014) (citations omitted).

12

Plaintiff alleges that the Gag Order exceeded Justice Falanga's authority, this is insufficient. See, e.g., Ceparano v. Southampton Justice Court, 404 F. App'x 537, 539 (2d Cir. 2011) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)); Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990). Clearly, the Judicial Defendants had jurisdiction to preside over the divorce proceedings. Accordingly, they are entitled to absolute immunity.[3]

2. Kruman and M. Pappas

Additionally, Kruman and M. Pappas assert that Plaintiff's Section 1983 claims against them cannot stand because they are not state actors. Again, the Court agrees.

To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999); see also Cornejo v.

---

[3] As to injunctive relief, Section 1983 provides that injunctive relief is unavailable against a judicial officer for an act or omission taken in the officer's judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Moreover, the Court has found that Plaintiff was not entitled to the various preliminary injunctions that he requested and his affidavits in support demonstrate that his request to further enjoin the divorce proceedings pending in "Nassau County Supreme Court Index No. 04-203531" (Compl. ¶ 46) are now moot. (See, e.g., Docket Entry 36.)

13

Bell, 592 F.3d 121, 127 (2d Cir. 2010). Only in limited circumstances will courts recognize that a private individual may be subject to liability under Section 1983.

Here, Plaintiff's only basis for asserting that Kruman and M. Pappas acted under color of state law is that they allegedly conspired with state actors. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks and citation omitted); see also Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999) (stating that a Section 1983 conspiracy requires (1) an agreement between state and private actors; "(2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages"). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Ciambriello, 292 F.3d at 324.

Plaintiff's allegations of a conspiracy, however, are wholly conclusory and the Complaint lacks any allegation that would plausibly suggest a "meeting of the minds." Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003). Rather, the

14

Complaint merely suggests that Kruman and M. Pappas presented erroneous arguments during the divorce proceedings and that the Judicial Defendants subsequently rendered decisions that were not favorable to Plaintiff. Wholly devoid from these assertions is an allegation to "plausibly suggest[] that these acts were done in furtherance of an agreed upon conspiracy." <u>Bermudez v. City of N.Y.</u>, No. 11-CV-0750, 2013 WL 593791, at *8 (S.D.N.Y. Feb. 14, 2013). Accordingly, Plaintiff has not sufficiently alleged that Kruman and M. Pappas are state actors or conspired with state actors.

## CONCLUSION

For the foregoing reasons, Defendants' motions are GRANTED. The Court finds that it lacks subject matter jurisdiction pursuant to the domestic relations exception and that Plaintiff cannot sustain his claims against Defendants. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this matter CLOSED and to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August __6__, 2014
       Central Islip, NY